No. 6509.

WIDOW J. C. DE ST. ROMES VS. HER CREDITORS.

Where the contrary is not shewn, the clerk is presumed to have done his duty, and that his official certificate is true. His duty required him to copy into the transcript all the evidence offered. The party who offers documentary evidence should deliver it to the clerk for filing, and if such evidence does not appear in the transcript, the presumption is that the party offering it failed to deliver it to the clerk, and its omission from the transcript will be attributed to his fault. If the party offering be the appellee, the fault is his and not of the appellant, and the appeal will not be dismissed for the appellee's fault.

Where a motion to dismiss is made for a diminution of the record, not the fault of the appellant, a fair opportunity will be given him to furnish a complete transcript.

When the clerk certifies that a record, offered in evidence in the lower court, cannot be found and was never delivered to him as part of the evidence, and the parties refuse or neglect to supply its contents by admissions or otherwise, the cause will be remanded to complete the evidence which has been omitted without fault of the appellant.

APPEAL from the Fourth District Court of New Orleans. LYNCH, J.

Lee vs. Kendall.  Bourbon vs. Kendall et al.

*Louque* for Plaintiff.  *Hornor & Benedict, H. D. & C. G. Odgen* for Defendants.

The transcript did not contain all the records offered in evidence, and a motion was made to dismiss on that ground.

MARR, J., after reciting all the circumstances, it appearing that the absent record had been offered by the appellee, ordered that the appellant have time until a specified day to file it in this court.

The appeal coming up a second time, and the clerk of lower court having certified that the missing record was lost, MANNING, C. J., read the opinion and remanded the cause for a new trial.